**F. O. F. PROPRIETARY FUNDS, LTD.,
Plaintiff,**

v.

**ARTHUR YOUNG & COMPANY et al.,
Defendants.**

**No. 73 Civ. 3262.**

United States District Court,
S. D. New York.

Sept. 24, 1975.

Poletti Freidin Prashker Feldman & Gartner, New York City, for plaintiff F. O. F. Proprietary Funds, Inc.; Justin N. Feldman, George J. Solomon, Barbara A. Lee, New York City, of counsel.

White & Case, New York City, for defendant Arthur Young & Co.; P. B. Konrad Knake, Vincent R. Fitzpatrick, Jr., E. Miles Prentice, III, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant, Drexel Burnham & Co., Inc.; Robert B. Von

Mehren, J. Asa Rountree, John Patrick Collins, New York City, of counsel.

Cahill Gordon & Reindel, New York City, for defendant Loeb, Rhoades & Co.; David R. Hyde, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant C. Grandison Hoyt; Leslie H. Arps, Josephine Lea Iselin, New York City, of counsel.

## OPINION

BONSAL, District Judge.

Pursuant to the Court's directions on May 5, 1975, the parties have briefed their positions on the issue of the Court's subject-matter jurisdiction over this case, which has been brought under the Securities Act of 1933, 15 U.S.C. § 77v, and the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

Plaintiffs, originally F. O. F. Proprietary Funds, Ltd. ("FOF Prop.") and John W. Davidge, Jr., as Trustee in Reorganization of Farrington Overseas Corporation ("Trustee"), filed this class action claiming violations by defendants of the Federal securities laws. The Trustee withdrew from the action on February 18, 1975, in compliance with an order of Judge Oren R. Lewis of the United States District Court for the Eastern District of Virginia, leaving FOF Prop. as the sole named plaintiff.

FOF Prop. is a Canadian mutual fund and is a subsidiary of Investors Overseas Services, Ltd. ("IOS"), an international sales and financial service organization principally engaged in the management of mutual funds.

In 1968, FOF Prop. purchased, allegedly in reliance on a "Preliminary Offering Circular" dated October 10, 1968 and on an "Offering Circular" dated October 17, 1968, $1,000,000 of the Farrington Overseas Corporation ("FOC") 5½% Convertible Guaranteed (Subordinated) Debentures (the "FOC Debentures"), which were guaranteed by FOC's parent, Farrington Manufacturing Company ("FMC").

FOC was incorporated in Delaware and was "formed for the principal purpose of making loans to and investments in companies operating outside the United States." FOC Debenture Offering Circular, Oct. 17, 1968, at 3. FOC was a wholly-owned subsidiary of FMC.[1] FMC was incorporated in Massachusetts and had its executive offices in New York City. FMC specialized in "computer input systems" and manufactured "optical character reader systems" and "credit identification systems." FOC was part of what FMC referred to as its "International Group" which marketed FMC products in foreign countries.

In order to comply with the Federal securities laws and with regulations of the United States Office of Foreign Direct Investment,[2] the following proviso appeared in bold typeface on the cover page of the FOC Debenture Offering Circular:

"The Debentures have not been registered under the United States Securities Act of 1933 and are not being offered in the United States . . . ., to nationals or residents thereof or to residents of Canada or Canadian corporations."

The purpose of the 1968 distribution of the FOC Debentures was explained in the FOC Debenture Offering Circular, dated October 17, 1968, at page 3, as follows:

"The net proceeds to be received from the sale of the Debentures will be invested in or loaned to certain subsidiaries or affiliates of [FMC] and [FOC] outside the United States to assist in financing their working capital requirements and their expan-

---

1. FOC and FMC went into reorganization under Chapter X of the Bankruptcy Act in January, 1971.

2. See United States Office of Foreign Direct Investment Regs., 15 C.F.R. § 1000.1106 (1969) (eff. Apr. 1, 1968), 33 Fed.Reg. 8666 (June 13, 1968); see SEC Securities Act Release No. 33–4708 (July 9, 1964).

sion programs and to retire existing indebtedness incurred for those purposes. They may also be used for direct or indirect investment in, or for acquisition of, other companies operating outside the United States . . . .

"[FOC] intends to conduct its business so that more than 80% of its gross income will be derived from sources outside the United States."

Based upon FOC's representation that its Debenture offering was to constitute long-term foreign borrowing for its overseas operation, and based on the condition that each underwriter which offered the FOC Debentures sign a covenant expressly agreeing that

"it [would] not offer or sell the Debentures in the United States . ., to nationals or residents thereof or to residents of Canada or Canadian Corporations. . . . Each Underwriter severally represents further to [FOC] and [FMC] that it will cause each purchaser from it who is a dealer to agree not to offer or sell Debentures [in these places or to these persons],"

the Securities and Exchange Commission issued a no-action letter and agreed that the FOC Debentures need not be registered. *See* note 2 *supra.* The underwriters each agreed to this covenant and, in seeking to comply with its restrictions, had each of their purchasers sign an agreement which stated:

"We represent that we have not sold, and agree not to sell, any Debentures to residents of Canada, including corporations organized under the laws of Canada . . . regardless of the place in which such corporations are doing business."

FOF Prop. appears to have purchased its $1,000,000 of the FOC Debentures from Investors Bank Luxembourg S. A. ("Investors Bank"). Investors Bank, according to a 1969 IOS Prospectus, is a wholly-owned subsidiary of IOS, the parent of FOF Prop. It appears that Investors Bank signed the foregoing agreement with one of the underwriters when it purchased the FOC Debentures now owned by FOF Prop. Thus it appears that FOF Prop. purchased its FOC Debentures in violation of Federal regulations, the SEC-mandated agreements signed by the underwriters and their purchasers, and the proviso appearing in the Offering Circular.

In its complaint, FOF Prop. alleges that defendants defrauded and conspired to defraud FOF Prop. and the other purchasers of the Debentures by offering the Debentures for sale pursuant to the "Preliminary Offering Circular" dated October 10, 1968 and the "Offering Circular" dated October 17, 1968, which contained materially misleading information. FOF Prop. alleges that these offering circulars were misleading in that, *inter alia,* they did not reveal the major intended uses of the proceeds of the offering; that they included references to reports prepared by defendants which misrepresented FMC's financial condition and operations; and that defendants Arthur Young and Drexel Burnham caused a misleading "comfort letter" describing FMC's operations to be delivered to the underwriters in connection with preparation of the offering circulars and the closing of the sale of the Debentures held in London, England on November 7, 1968. FOF Prop. also alleges that the defendants conspired to defraud plaintiffs FOF Prop. and the other purchasers of the Debentures by participating in the London closing without revealing at that time the true circumstances surrounding the transaction and the financial conditions of FMC. FOF Prop. alleges further in its original complaint that Loeb, Rhoades and Drexel Burnham violated section 15(c)(1) of the Securities Exchange Act of 1934 by unlawfully using the mails or interstate commerce to distribute the FOC Debentures by means of a deceptive device, to wit, the offering circulars. In addition, the original complaint asserted claims on behalf of the Trustee and claims of

common law fraud and violations of the "civil law as generally applied in Continental Europe."

FOF Prop. has moved to amend its complaint seeking to delete the Trustee's claims and the claims of common law fraud and violations of the civil law of "Continental Europe," preferring to rely on the alleged Federal securities laws violations. On May 5, 1975, at oral argument on FOF Prop.'s motion to amend, the Court directed the parties to brief the issue of the Court's subject-matter jurisdiction in light of the Court of Appeals' decisions, dated April 28, 1975, in *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974 (2d Cir. 1975) and *IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir. 1975), in which the "territorial reach of the federal securities laws" was analyzed in connection with securities transactions by foreign persons outside the United States.

Turning first to the issue of subject-matter jurisdiction, *Bersch* and *IIT* require an evaluation of whether Congress would have intended the anti-fraud provisions of the Federal securities laws to apply to FOF Prop.'s purchase of the FOC Debentures. Judge Friendly stated for the Court of Appeals,

> " '[I]t would be . . . erroneous to assume that the legislature always means to go to the full extent permitted.' When, as [in *Bersch*], a court is confronted with transactions that on any view are predominantly foreign, it must seek to determine whether Congress would have wished the precious resources of United States courts and law enforcement agencies to be devoted to them rather than leave the problem to foreign countries."

> *Bersch, supra* 519 F.2d at 985 (citations omitted).

FOF Prop. contends that subject-matter jurisdiction exists because its claims arise out of a transaction which was predominantly American, since the defendants, each American citizens or corporations, operating from the United States, allegedly devised and carried out a scheme to sell debentures issued and guaranteed by American companies, FOC and FMC, respectively. FOF Prop. alleges that, among other facts, it intends to prove at trial that the allegedly misleading Offering Circular and "comfort letter" were drafted and reviewed by the defendants in New York, that some sales activity occurred in the United States, and that the financing and expenditures of the proceeds from the offering were authorized by the Boards of Directors of FOC and FMC in the United States.

The defendants contend that no subject-matter jurisdiction exists since the offering was intended to raise capital abroad and since FOF Prop. (and the other purchasers it seeks to represent) is a "foreigner residing outside the United States" [3] who purchased the Debentures allegedly in reliance on offering circulars distributed to it abroad and who apparently made payment abroad.

The Court concludes that under the *Bersch/IIT* analysis Congress would not have intended the anti-fraud provisions of the Federal securities laws to apply to FOF Prop.'s purchase of the FOC Debentures and that accordingly this action must be dismissed for lack of subject-matter jurisdiction.

FOF Prop., a Canadian corporation, is not within the group of intended or lawful offerees of the FOC Debentures since it purchased them in direct violation of the Federal regulations, the SEC conditions and the express restriction prominently placed on the Offering Circular. *Compare Bersch, supra* 519 F.2d at 991. In addition, FOF Prop.'s purchase was "predominantly foreign." *See Bersch, supra* at 985. FOF Prop. is a foreign company which acquired its shares abroad, purchased from a foreign company (Investors Bank), and purchased allegedly in reliance upon the offering

---

3. See complaint, ¶2: "The class . . . numbers approximately more than 100 . . . all or many of whom may be located in foreign countries . . . . ."

circulars which apparently were distributed to it outside the United States. FOF Prop., being a Canadian company, incurred its losses outside the United States. Furthermore, the FOC Debentures were offered only to purchasers outside the United States and Canada and were issued to raise capital for foreign investment.

Finally, under the *Bersch/IIT* analysis, FOF Prop. is a "foreigner outside the United States" and accordingly may invoke the Federal securities laws only if it suffered loss from transactions involving securities under circumstances where "acts (or culpable failures to act) within the United States directly caused such losses." *Bersch, supra* 519 F.2d at 993; *IIT, supra* 519 F.2d at 1016–1018. The allegedly fraudulent conduct "directly" causing losses to FOF Prop. (as opposed to conduct constituting "mere preparation" to the fraud) consisted of the sale of the Debentures and communication to purchasers of the allegedly misleading information, *i. e.*, the distribution of the materially misleading offering circulars to purchasers and the misleading information transmitted at the closing, each of which occurred abroad. In the circumstances of this case, the drafting of the offering circulars and the underlying reports of FMC's (the guarantor's not the issuer's) operations constituted acts in preparation of the fraud. *Compare Bersch, supra; IIT, supra; cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). The fact that the issuer, FOC, and the other defendants are American is of little independent significance. *See IIT, supra* 519 F.2d at 1016. Also, there are no allegations that FOF Prop. purchased its shares as a result of any of the sales activity by defendants in the United States.

The Court has considered the question of its subject-matter jurisdiction in relation to FOF Prop.'s original complaint as well as its two proposed amended complaints, and finds the amendments immaterial to the disposition herein. Accordingly, the motion to amend the complaint is denied. *See Feldman v. Lifton*, 64 F.R.D. 539 (S.D.N.Y.1974).

Since the Court has no subject-matter jurisdiction, the complaint must be dismissed.

In addition, in light of this disposition, FOF Prop.'s motion for class action determination is denied. *See IIT, supra* 519 F.2d at 1018 & n. 31.

Settle order on notice.